## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | |
|---|---|
| **DAMIEN P. LIPSEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 6:09-CV-2092-VEH** |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **COMMISSIONER of SOCIAL** | ) |
| **SECURITY,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

### I.     Introduction

This matter is before the court on a "Motion for Summary Judgment" filed by

Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner").

(Doc. 8).  Although the motion is entitled as one seeking summary judgment, the

Commissioner states in the body of the motion that it is brought pursuant to Federal

Rule of Civil Procedure 12(b)(6) due to the failure of Plaintiff Damien P. Lipsey to

state a claim upon which relief can be granted.  The Commissioner explains that,

because he has submitted evidence along with the motion, "this motion is treated as

one for summary judgment and disposed of as provided in [Federal Rule of Civil

Procedure] 56."[1]  (Doc. 8, p. 1).  The Commissioner's brief, however, asserts that this case is due to be dismissed for lack of subject matter jurisdiction and does not challenge the merits of Plaintiff's claims.  (Brief, doc. 9, p. 1).  A motion seeking dismissal due to lack of subject matter jurisdiction is properly brought under Federal Rule of Civil Procedure 12(b)(1), not Rule 12(b)(6) or Rule 56, and the standard of review employed by a court when addressing a Rule 12(b)(1) motion differs greatly from those utilized by a court on either a Rule 12(b)(6) motion or a Rule 56 motion for summary judgment (both of which attack the sufficiency of a plaintiff's claims and not the court's jurisdiction over the controversy).  *Cf.* Fed. R. Civ. P. 12(b)(1) (stating that a party who asserts "lack of subject-matter jurisdiction" as a defense may do so by motion under this rule); Fed. R. Civ. P. 56(b) (a defending party "may move . . . for summary judgment on all or part of the [plaintiff's] <u>claim</u>") (emphasis supplied); *Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364 (11th Cir. 1997) ("The purpose of a Rule 12(b)(6) motion is to test the facial sufficiency of the statement of [a plaintiff's] claim for relief.") (bracketed text in original); *Williamson*

---

[1] The court notes that the Commissioner's implication that the conversion from a Rule 12(b)(6) motion to a Rule 56 motion is automatic and can be accomplished by his unilateral actions is not a position that is supported by the Federal Rules of Civil Procedure.  *See, e.g.*, Fed. R. Civ. P. 12(b) (directing that the court must convert a Rule 12(b)(6) motion to a Rule 56 motion if the court considers matters outside of the pleadings).

*v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. May 20, 1981)[2] (explaining that a motion for summary judgment cannot be granted where there is a disputed material fact but that no such requirement exists when a court examines a Rule 12(b)(1) motion because "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims") (citation omitted). Accordingly, since the motion seeks dismissal due to lack of subject matter jurisdiction, the court will treat the present motion as one brought pursuant to Rule 12(b)(1).

Plaintiff has not responded to the motion despite having ample time to do so. The matter is now ripe for review. After careful consideration of the Commissioner's motion, the evidentiary submissions, and the applicable law, the motion is due to be **GRANTED**.

## II.     Rule 12(b)(1) Standard of Review

Federal Rule of Civil Procedure 12(b)(1) provides that:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction; . . .

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Fed. R. Civ. P. 12(b)(1).  When ruling upon a Rule 12(b)(1) motion, the court must first determine whether the moving party is mounting a "facial" or "factual" attack on the court's subject matter jurisdiction.  *See Garcia v. Copenhaver, Bell & Assoc.*, 104 F.3d 1256, 1261 (11th Cir.1997) (noting that Rule 12(b)(1) attacks on subject matter jurisdiction are either "facial" or "factual").  Facial attacks "require the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).  Factual attacks "challenge[] the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered."  *Id.*; *see also Browder v. Potter*, No. 07-546, 2008 WL 822132 at *3 (M.D. Ala. March 26, 2008) (reciting above standard).

In light of the record, the court finds that the Commissioner has asserted a "factual" attack, and the court will proceed accordingly.

## III.   Factual Background and Procedural History[3]

On October 8, 2008, Plaintiff filed applications with the Commissioner for a

---

[3] The following factual background has been gleaned from the evidentiary submission filed by the Commissioner.  Plaintiff, the party who bears the burden of establishing this court's subject matter jurisdiction in this case, did not submit any competing evidence or challenge the sufficiency or admissibility of the Commissioner's submissions.  *See Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 377 (1994) (the party who asserts jurisdiction has the burden of establishing it).

period of disability, disability insurance, and supplemental security income benefits. (Complaint, doc. 1).  On January 15, 2009, the Commissioner issued his initial determination that Plaintiff was not disabled and, therefore, he was not entitled to benefits.  That same day, notice was sent to Plaintiff advising that, if he disagreed with the Commissioner's initial determination, he had the right to request a hearing before an Administrative Law Judge ("ALJ") within 60 days of his receiving the notice of the adverse determination.  On April 17, 2009 (93 days after notice was mailed to Plaintiff), Plaintiff requested a hearing before an ALJ.

On June 18, 2009, an ALJ entered a ruling denying Plaintiff's request for a hearing because the petition was untimely and Plaintiff failed to show good cause for filing his request for a hearing out of time.  Plaintiff argued, in his written request, that he did not receive notice from the Commissioner that his application for benefits had been denied.  However, the ALJ rejected that argument and noted that the Commissioner did not receive any correspondence from the United States Postal Service that the notice was returned as undeliverable.  Consequently, the ALJ did not hold a hearing.

On June 18, 2009, Plaintiff petitioned for a review of the ALJ's decision by the Appeals Council, which denied Plaintiff's request for review without holding a hearing.  Following the Appeals Council's denial, Plaintiff initiated the above-styled

5

action on October 15, 2009.

## IV.    Discussion

Federal district courts are tribunals of limited jurisdiction, "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *University of South Alabama v. The American Tobacco Co*., 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)).  The jurisdiction of a federal district court to hear appeals of adverse decisions by the Commissioner regarding a plaintiff's applications for benefits is governed by 42 U.S.C. § 405(g).  Generally, "[i]t is to be presumed that a cause lies outside [a federal court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 377 (1994).  The court notes that Plaintiff has not defended his allegations that this court has subject matter jurisdiction over this appeal.

Plaintiff commenced this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner denying his claim for benefits.  (Complaint, doc. 1).  In order for this court to have jurisdiction, a plaintiff who appeals to this court from a final adverse decision of the Commissioner must

exhaust all administrative remedies before filing suit.  *See* 42 U.S.C. § 405(g).

Plaintiff alleges that he complied with that requirement.  (Complaint, doc. 1, para. 4

("The Plaintiff's applications [for benefits] were denied and the Plaintiff exhausted

the administrative remedies without success.")).  The Commissioner disagrees and

argues that, in light of the uncontested evidence of record, subject matter jurisdiction

is lacking in this case because Plaintiff did not exhaust all administrative remedies.

In particular, the Commissioner notes that Plaintiff did not have a hearing at the

administrative level after the initial denial of his application and that, because there

was no hearing, all administrative remedies were not exhausted and this court lacks

jurisdiction.  The Commissioner is correct.

     As the Eleventh Circuit recently noted

> It is by now axiomatic that the United States "is immune from suit save as it consents to be sued," and Congress alone determines how and when the United States may be sued for judicial review of administrative orders and judgments. *Lehman v. Nakshian*, 453 U.S. 156, 160, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981) (quoting *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976)).  In 42 U.S.C. § 405(g), Congress waived sovereign immunity by giving the federal courts jurisdiction to review and modify or reverse the Commissioner's decisions. *See Huie v. Bowen*, 788 F.2d 698, 705 (11th Cir. 1986).  As such, the remedies outlined in that statute are the exclusive source of federal court jurisdiction over cases involving SSI. 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.").

*Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007).  In relevant part, 42 U.S.C.

§ 405(g) provides:

> Any individual, <u>after any final decision of the Commissioner of Social Security made after a hearing to which he was a party,</u> irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides . . . .

42 U.S.C. § 405(g) (emphasis supplied).

> With regard to § 405(g), the Supreme Court observed:

> Section 405(g) specifies the following requirements for judicial review: (1) a <u>final decision</u> of the Secretary <u>made after a hearing</u>; (2) commencement of a civil action within 60 days after the mailing of notice of such decision (or within such further time as the Secretary may allow); and (3) filing of the action in an appropriate district court, in general that of the plaintiff's residence or principal place of business. The second and third of these requirements specify, respectively, a statute of limitations and appropriate venue. As such, they are waivable by the parties. . . . We interpret the first requirement, however, to be central to the requisite grant of subject-matter jurisdiction-the statute empowers district courts to review a particular type of decision by the Secretary, that type being those which are 'final' and 'made after a hearing.'

*Weinberger v. Salfi*, 422 U.S. 749, 763-764 (1975) (emphasis supplied).  *See also*

*Califano v. Sanders*, 430 U.S. 99, 108 (1977) (The Supreme Court held that the

district court did not have jurisdiction over an appeal in part because 42 U.S.C. §

405(g) "clearly limits judicial review to a particular type of agency action, a "final decision of the Secretary made after a hearing[.]"); *Harper v. Bowen*, 813 F.2d 737, 739 (5th Cir. 1987) ("[W]hether there is jurisdiction depends on whether the actions of the SSA amount to a final decision after a hearing by the [Commissioner.]").

The meaning of the term "final decision" "is left to the [Commissioner] to flesh out by regulation" and it is not "simply a codification of the judicially developed doctrine of exhaustion." *Salfi*, 422 U.S. at 766. Along those lines,

> The Secretary has established a regulatory system for administrative review, leading up to a final decision that may then be appealed to the district court. The process is begun when an individual files a claim with the SSA for benefits. This claim is either granted or denied, creating an initial determination. *See* 20 C.F.R. §§ 416.1404 to 416.1405. Next, the claimant must file a request for and receive a reconsideration. *See generally* 20 C.F.R. §§ 416.1407 to 416.1422. The Secretary reviews the claim again, and then issues a reconsidered determination. 20 C.F.R. § 416.1420. After obtaining the initial and reconsidered determinations, a dissatisfied claimant may file for an evidentiary hearing before an ALJ. See generally 20 C.F.R. §§ 416.1429 to 416.1468. If the claimant objects to the subsequent decision, he or she may appeal the ALJ's determination to the Appeals Council. See generally 20 C.F.R. §§ 416.1467 to 416.1483. The decision rendered at the initial, reconsideration, and ALJ stage is binding on the claimant unless further administrative review with the Appeals Council is sought within 60 days. These four steps exhaust the claimant's administrative remedies.
>
> Following this exhaustion of the administrative remedies with a final decision being rendered by the Appeals Council, judicial review may be sought in the district court. 20 C.F.R. §§ 416.1400 and 416.1481. *See also Califano v. Sanders*, 430 U.S. 99, 108, 97 S.Ct. 980,

986, 51 L.Ed. 192, 201 (1977) ("Section 205(g) clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.' "). Although a decision rendered on a claim at each stage of the proceedings is final and binding on the parties unless they proceed to the next step in the process, the regulatory scheme provides that a "final decision" allowing judicial appeal is rendered by the Secretary for the purposes of section 205(g) of the Social Security Act when the Appeals Council either reviews or denies review of the ALJ's decision. *See* 20 C.F.R. §§ 416.1405, 416.1421, 416.1455, 416.1481. After such a "final decision," the claimant has 60 days in which to file for judicial review of the decision or else it is binding. 20 C.F.R. § 416.1481.

*Harper by Harper*, 813 F.2d at 739.

Accordingly, in light of § 405(g) and Supreme Court precedent in *Salfi*, *supra*, two issues must be addressed by this court: (1) whether the decisions of the ALJ and the Appeals Council denying Plaintiff's untimely request for a hearing constitute a "final decision" that is appealable under § 405(g); and (2) was there a "hearing" at the administrative level before the issuance of a "final decision." The court finds that no "final decision" occurred and that, alternatively, no hearing was held at the administrative level. Therefore, the court lacks subject matter jurisdiction over Plaintiff's appeal.

**A.    This court lacks subject matter jurisdiction because Plaintiff did not exhaust his administrative remedies and, as such, he did not receive a "final decision" from the Commissioner.**

As noted above, a plaintiff must complete four steps before a determination by

10

the Commissioner is a "final decision." *Harper by Harper*, 813 F.2d at 739. Here, Plaintiff only completed the first step – *i.e.*, Plaintiff filed an application for benefits that was initially denied by the Commissioner. *See id.* Plaintiff did not complete the second step because he did not timely file a request for a hearing before an ALJ. Because a plaintiff must complete all four steps discussed in *Harper by Harper*, *supra*, for an adverse determination by the Commissioner to be an appealable "final decision." Because Plaintiff failed to move beyond the first step, the court finds that Plaintiff did not exhaust his administrative remedies prior to bringing this appeal. As such, this court lacks subject matter jurisdiction over the present action. *See White v. Schweiker*, 725 F.2d 91 (10th Cir. 1984) (Commissioner's denial of an extension of time to request a hearing before an ALJ is not subject to judicial review); *Penner v. Schweiker*, 701 F.2d 256 (3d Cir. 1983) (Commissioner's denial of extension of time to request a hearing is not subject to judicial review under § 405(g)); *Watters v. Harris*, 656 F.2d 234 (7th Cir. 1980) (Commissioner's denial of a motion to extend time to request a hearing before ALJ is not subject to judicial review).[4]

---

[4] The court is aware of the Eleventh Circuit's holding in *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983) and the former-Fifth Circuit's holding in *Langford v. Flemming*, 276 F.2d 215 (5th Cir. 1960), *overruling recognized by Harper v. Bowen*, 813 F.2d 737 (5th Cir. 1987). Those cases held that a refusal by the Appeals Council to reopen a plaintiff's case at the administrative level because the plaintiff failed to request a timely review of the ALJ's decision, made after a hearing before an ALJ on the merits of the plaintiffs' applications for benefits, was a "final decision" over which a federal court has jurisdiction. Those cases are factually distinguishable from the case at bar because no hearing was ever held before an ALJ in this case.

**B.      Alternatively, this court lacks subject matter jurisdiction because the Commissioner did not hold a hearing at the administrative level.**

In the alternative, the Supreme Court has clearly stated that a "hearing" at the administrative level prior to the issuance of a "final decision" is a jurisdictional prerequisite to bringing a lawsuit in federal district court under 42 U.S.C. § 405(g). *See Salfi*, 422 U.S. at 763-64.  No hearing was held at the administrative level in this case because Plaintiff did not timely request one and his untimely petition for a hearing was rejected by the ALJ and the Appeals Council.  Accordingly, assuming *arguendo* that the Commissioner's actios constituted a "final decision" in this case, because there was no hearing prior to the Appeals Council's last act with regard to Plaintiffs' claim for benefits, this court lacks subject matter jurisdiction over this appeal.  *See* 42 U.S.C. § 405(g) (requiring that a hearing be held at the administrative level for a district court to have subject matter jurisdiction over a "final decision" of the Commissioner).  While it is unfortunately true that the facts of this case, when viewed in light of the applicable law, foreclose any possibility of an appeal of the

---

As such, this court finds that the holdings of *Bloodsworth* and *Langford* are not applicable to the facts of this action.  Moreover, it is worthy of note that the *Bloodsworth* decision has been rejected by a majority of other Circuits.  *See Stone v. Heckler*, 778 F.2d 645 (11th Cir. 1985) (discussing that while *Bloodsworth* remains the law of the Eleventh Circuit, the rationale behind the decision has been rejected by other Circuits and is possibly in conflict with binding Supreme Court authority).  Also, *Langford*, although still binding precedent in the Eleventh Circuit, has been held by the Fifth Circuit to be in conflict with the Supreme Court's decision in *Califano v. Sanders*, 430 U.S. 99, 108 (1977).  *See Harper*, *supra*.  There is not a case on-point from the Eleventh Circuit speaking to the issues before this court in the present case.

Commissioner's decision not to extend the time limit within which Plaintiff could file a petition for a hearing before an ALJ, that result "is true with so many jurisdictional limits" under which, if a claim is not timely asserted, the party is left without the possibility of review by a federal court. *Harper by Harper*, 813 F.2d at 742. This is one of those cases.

## V.     Conclusion

For the foregoing reasons this court finds that it lacks subject matter jurisdiction over this action. Therefore, the Commissioner's motion (doc. 8) is due to be **GRANTED**. This case will be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction by a separate Order. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000) (noting that "federal courts are empowered to hear only cases for which there has been a congressional grant of jurisdiction, and once a court determines that there has been no grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction").

**DONE** this the 15th day of April, 2010.


**VIRGINIA EMERSON HOPKINS**
United States District Judge